J-S56006-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LYNDA R. FARLEY | |
| Appellant | No. 316 MDA 2014 |

Appeal from the Judgment of Sentence January 29, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-SA-0000260-2013

BEFORE:  PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 07, 2014**

Appellant, Lynda R. Farley, appeals from the judgment of sentence entered January 29, 2014, by the Honorable Bernard L. Coates, Jr., Court of Common Pleas of Dauphin County.  We affirm.

While on routine patrol on June 24, 2013, State Capitol Police Officer Michael Schmidt observed Farley driving a minivan down a one-way street. **See** N.T., Summary Appeal Hearing, 1/27/14 at 4.  The windows of the minivan were completely covered with signs and posters, so that the driver of the vehicle could not see out of the side or rear windows. **See id**. at 4, 6.  When Officer Schmidt approached the driver's window, he additionally observed a six to eight inch television screen mounted on the front

_____

[*] Retired Senior Judge assigned to the Superior Court.

dashboard of the minivan. ***See id***. at 6. The television screen displayed a constant live video feed of a trailer connected to the rear of the van. ***See id***. Farley admitted to Officer Schmidt that she had the monitor installed because she was not able to see out of the vehicle as the windows were covered. ***See id***. at 9.

Based on his experience and training, Officer Schmidt opined that the camera and monitor system were not safe and charged Farley with violating 75 Pa.C.S.A. § 4527, which regulates the use of television equipment in motor vehicles, and 75 Pa.C.S.A. § 4524(b), restricting obstructions on a vehicle's side and rear windows. Following a Summary Appeal Hearing on January 27, 2014, Farley was convicted of both charges and fined $25.00 for each summary offense. This timely appeal followed.

On appeal, Farley raises the following issues for our review.

1. Whether insufficient evidence was presented to support a conviction of 75 Pa.C.S.A. § 4527, relating to the prohibition against television type receiving equipment forward of the driver's seat?

2. Whether the evidence presented was insufficient to convict Appellant of the offense of [75] Pa.C.S.A. § 4524(b) relating to obstruction on side and rear windows?

3. Whether the Appellant's conviction for 75 Pa.C.S.A. § 4524(b), relating to obstruction on side and rear windows violates the equal protection clauses of the United States and Pennsylvania Constitutions?

Appellant's Brief at 8 (unnecessary capitalization omitted).

We review a challenge to the sufficiency of the evidence as follows.

The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

*Commonwealth v. Slocum*, 86 A.3d 272, 275-276 (Pa. Super. 2014) (citation omitted).

Farley first challenges her summary conviction under 75 Pa.C.S.A. § 4527, pertaining to the use of television equipment in motor vehicles. Section 4527 provides as follows.

**(a) General rule.--**No motor vehicle operated on a highway shall be equipped with television-type receiving equipment forward of the back of the driver's seat or otherwise visible to the driver.

**(b) Exception.--**This section shall not apply to the following:

(1) Television-type receiving equipment in a vehicle used exclusively for safety or law enforcement purposes as approved by the Pennsylvania State Police.

(2) Electronic displays used in conjunction with in-vehicle navigation systems.

75 Pa.C.S.A. § 4527.

Farley argues that the video screen mounted forward of the driver's seat in her van was not "television-type receiving equipment" under the statute because "[n]o videos or shows could be seen on this rear view system." Appellant's Brief at 14.[1] Although "television-type receiving equipment" is not defined in the motor vehicle code, we find Farley's interpretation of the term to be too narrow. The statute contains no requirement that the television-type equipment be capable of broadcasting videos or other media. It is undisputed that the equipment in Farley's vehicle consisted of a six to eight inch television monitor that broadcast a constant, live video feed from the rear of the van. We find this device is sufficient to constitute "television-type" equipment under section 4527.

Farley raises an additional argument regarding the interpretation of an exception contained in section 4527(b)(1). Farley argues that the word "or" as used in that subsection is disjunctive and distinguishes what types of television equipment must be approved by Pennsylvania State Police. Given this meaning, an exception would lie for either television-type receiving

_____

[1] Notably, Farley does not support this assertion with evidence of record.

equipment in a vehicle used exclusively for safety *or* television-type receiving equipment used for law enforcement purposes as approved by the Pennsylvania State Police. Farley argues that because her rear view television set was used for safety purposes, it qualifies as an exception under section 4527(b)(1), regardless of whether it was approved by state police.

We find Farley's proposed interpretation to be untenable. As noted by the Commonwealth, such an interpretation would produce the absurd result of allowing civilian drivers to install television-type equipment, no matter how distracting or dangerous, merely under the guise of safety. When construing a statutory provision, "we must remain mindful that the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable." ***Commonwealth v. Cahill***, --- A.3d ---, ---, 2014 WL 2921806 at *3 (Pa. Super., filed June 24, 2014). We find it more reasonable to presume the legislature intended the phrase "as approved by the Pennsylvania State Police" applies to television-type equipment both "used exclusively for safety" and for "law enforcement purposes." As Farley failed to obtain the requisite approval by the Pennsylvania State Police for the rear camera and television monitor system in her vehicle, we find the exceptions listed under section 4527(b)(1) to be inapplicable. We therefore find the evidence sufficient to support Farley's conviction under 75 Pa.C.S.A. § 4527.

Farley next challenges the sufficiency of the evidence to sustain her summary conviction under 75 Pa.C.S.A. § 4524(b), relating to obstructions on a vehicle's side and rear windows. That section states that,

> [n]o person shall drive a motor vehicle with any sign, poster or other nontransparent material, including ice or snow, upon the side wings or side or rear windows of the vehicle which materially obstructs, obscures or impairs the driver's clear view of the highway or any intersecting highway. The placement of a registration permit upon the side or rear window of a vehicle shall not be considered a material obstruction.

75 Pa.C.S.A. § 4524(b). Farley essentially argues that because her vehicle *could* be classified as a multipurpose vehicle pursuant to 67 Pa.Code § 41.3, which are exempt from certain restrictions regarding obstruction of side or rear windows, her conviction under section 4525(b) was improper. Such an argument is a red herring. It is wholly irrelevant that Farley's vehicle *could* satisfy another classification of vehicle. Farley concedes that her vehicle is *not* registered as a multipurpose vehicle. **See** N.T., Summary Appeal Hearing, 1/27/14 at 28. Officer Schmidt testified that Farley's minivan was "completely covered from front to back, all the windows were covered with signs, posters." **Id**. at 4. This evidence was more than sufficient to support Farley's conviction under 75 Pa.C.S. § 4524(b).

Lastly, Farley contends that her conviction under section 4524(b) violates the Equal Protection Clause of the United States and Pennsylvania Constitutions. "Where statutes are challenged as violating the constitutional protections to equal protection and/or due process, a court must first

determine the appropriate degree of scrutiny which must be applied."

***Commonwealth v. Scarborough***, 89 A.3d 679, 685-686 (Pa. Super. 2014)

(citation omitted).

> In considering whether state legislation violates the Equal Protection Clause of the Fourteenth Amendment, U.S. Const., Amdt. 14, § 1, we apply different levels of scrutiny to different types of classifications. At a minimum, a statutory classification must be rationally related to a legitimate governmental purpose. Classifications based on race or national origin and classifications affecting fundamental rights are given the most exacting scrutiny. Between these extremes of rational basis review and strict scrutiny lies a level of intermediate scrutiny, which generally has been applied to discriminatory classifications based on sex or illegitimacy.

***Id***. at 686 (citing ***Clark v. Jeter***, 486 U.S. 456, 461 (1988)). Rational basis

review is applicable under the Pennsylvania Constitution for laws that restrict

rights that "are undeniably important, but not fundamental." ***Nixon v.***

***Commonwealth***, 839 A.2d 277, 287 (Pa. 2003).

Section 4524(b) does not implicate a protected class or a fundamental

right. As the purpose of the statue is clearly designed to protect and

promote public safety, our review must be rational basis. Given a rational

basis review, section 4524(b) clearly serves a legitimate state interest in

ensuring drivers of motor vehicles refrain from obscuring a clear view of the

highway from the vehicle's windows. Although Farley argues that many

vans do not have side or rear view windows, here the distinction lies in that

Farley's passenger vehicle did have windows that she chose to cover with

signage so that her view was completely obstructed in violation of section

4524(b). Section 4524(b) rationally addresses this safety concern. This argument fails.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2014